IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| CHARITY WALKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:04-1251 |
| ) | |
| DEBORAH HICKEY, Warden, ) | |
| FPC Alderson, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241). (Document No. 1.)[1] Petitioner attaches a Supplemental Memorandum and a copy of the first page of a letter form plea agreement and the six-count Indictment in Criminal Action No. 1:03-0036 in the United States District Court for the Northern District of West Virginia charging her in two counts with conspiring with three others in violation of 21 U.S.C. § 846 to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 841 (Count One) and distributing and aiding and abetting another defendant in the distribution of 1.44 grams of cocaine base on or about January 8, 2003, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Six). Petitioner states that she pled guilty to the charges contained in Count Six of the Indictment on August 13, 2003. The Court's Docket Sheet, however, indicates that Petitioner entered a guilty plea to the charges contained in Count Six of the Indictment on September 11, 2003. Petitioner qualified for sentencing at Offense Level 27, Criminal History Category II within the 78 - 97 month range under the United States Sentencing Guidelines.

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner provided substantial assistance, however, and the District Court departed downward in sentencing her pursuant to U.S.S.G. § 5K1.1. The District Court sentenced Petitioner on June 1, 2004, to a 46 month term of imprisonment and a three year term of supervised release. The District Court also imposed a $100 special assessment. United States v. Walker, Criminal No. 1:03-0036, in the United States District Court for the Northern District of West Virginia (Document No. 89.). Petitioner did not appeal her sentence. Petitioner filed her Petition initiating this matter on November 22, 2004. (Document No. 1.) Apparently, Petitioner did so thinking that she was foreclosed in proceeding under 28 U.S.C. § 2255 by the one-year period of limitation. (Id., p. 4.) Actually, the Section 2255 one-year period of limitation had not run and would not until June, 2005. Nevertheless, Petitioner stated the grounds and supporting facts for seeking relief under 28 U.S.C. § 2241 in her Petition as follows (Id., p. 3.):

> Ground one: Sixth Amendment Violation – Enhancement(s) were not Admitted to or Found by a Jury.
> Supporting Facts: Due to the recent decision by the Supreme Court in Blakely v. Washington, . . . Petitioner's Level should be substantially lower than what it currently is. Because the facts supporting Petitioner's exceptional sentence were neither admitted by Petitioner nor found by a jury, the sentence violated her Sixth Amendment Right to a trial by jury.

On May 26, 2005, Petitioner filed a Motion to Vacate her Sentence under 28 U.S.C. § 2255 in the United States District Court for the Northern District of West Virginia. ( United States v. Walker, Criminal No. 1:03-0036 in the United States District Court for the Northern District of West Virginia (Document No. 94.) As is disclosed in United States Magistrate Judge Kaull's Report and Recommendation (Id., Document No. 96.), Petitioner asserted entitlement to relief pursuant to the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the Fourth Circuit's decision in United States v. Hughes, 401 F.3d 540 (4th Cir.

2005). Magistrate Judge Kaull recommended that Petitioner's Section 2255 Motion be denied because United States v. Booker did not apply retroactively and United States v. Hughes does not apply in collateral proceedings. Petitioner did not object to Magistrate Judge Kaull's recommendation, and the District Court accepted it by Order filed on July 6, 2005. United States v. Walker, Criminal No. 1:03-0036 in the United States District Court for the Northern District of West Virginia (Document No. 97.).[2]

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Section 2255 proceedings must be initiated in the Court where sentencing occurred.

---

[2] Upon filing this Proposed Findings and Recommendation, the undersigned will left-side file a copy of the Docket Sheet, Magistrate Judge Kaull's Report and Recommendation that Petitioner's Section 2255 Motion be denied and the District Court's Order accepting it in *United States v. Walker*, Criminal No. 1:03-0036 in the United States District Court for the Northern District of West Virginia .

Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. When she filed her Petition in this case, she was not procedurally barred from proceeding under Section 2255 in the Northern District of West Virginia where her sentence was imposed as is clear from her doing so after she filed her Petition in this case, and in any event, she would not have recourse under Section 2241 even if she were procedurally barred from proceeding under Section 2255 in view of her claims in this matter. The United States Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Booker were based on and extended the rationale which the Court first announced in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). Blakely, decided on June 24, 2004, just after Petitioner's right to appeal her sentence had run, and Booker, decided in 2005, do not present cognizable grounds for claiming that Section 2255 is inadequate and seeking relief under Section 2241. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their Apprendi claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . .." Additionally, the Fourth Circuit Court of Appeals has determined that Booker, which made Blakely applicable to the Federal Sentencing Guidelines, is not retroactive with respect to persons whose convictions were final prior to the Supreme Court's decision. United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal

4

Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).  Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: January 9, 2008.

R. Clarke VanDervort
United States Magistrate Judge